IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ILESHIA GARNER                                              PLAINTIFF

VS.                          2:14-CV-00058-BRW

GOODYEAR TIRE & RUBBER
COMPANY, *et al.*                                          DEFENDANTS

## ORDER

Pending is Defendant West Helena Auto Sales's ("WHAS") Motion for Summary Judgment (Doc. No. 12).  Plaintiff has responded.[1]  For the reasons set out below, the Motion is GRANTED.

## I.       BACKGROUND

Plaintiff contends she was injured while riding in a car that crashed after the tire separated.  Plaintiff claims the vehicle was purchased at WHAS, and the alleged faulty tire was manufactured by Goodyear.  According to the Complaint, the vehicle and tire in question were supplied by Defendants in a defective condition, which rendered those products unreasonably dangerous.[2]

WHAS argues that, according to the complaint, the vehicle was defective only because the Goodyear tire that separated was mounted to it.  However, Plaintiff repeatedly testified during her deposition that the Goodyear tire that separated was <u>not</u> on the vehicle when the vehicle was purchased from WHAS.[3]  In response to Defendant's Motion for Summary Judgment, Plaintiff contends that the tire "is believed to have been on the Crown Victoria at the

---

[1]Doc. No. 21.

[2]Doc. No. 2.

[3]Doc. No. 14-2.

time it was purchased" from WHAS.[4]   Plaintiff argues that "since the time of Plaintiff's deposition, she has reviewed her deposition testimony and realized that she was mistaken in some of her testimony.  Plaintiff was extremely nervous at the time of her deposition and became confused with all of the questions being asked of her."[5]  She also argues that she was "taking a large amount of pain medication" when the issue was originally discussed.[6]  Attached to Plaintiff's response is a   May 14, 2014 affidavit explaining that she was confused about whether the car had a new tire and the details of conversations she had with the car owner.[7]

## II.   DISCUSSION

Plaintiff was deposed on March 28, 2014.  On May 6, 2014, WHAS filed its motion for summary judgment based on Plaintiff's deposition testimony.  Eight days later, Plaintiff signed an affidavit contradicting her earlier testimony -- that the tire was not on the car at the time is was purchased -- and attached the affidavit to her response in attempt to create a material fact in dispute.  The Eighth Circuit has held that a court may strike an affidavit that contradicts earlier testimony in an effort to create a fact in dispute -- the exact situation we have here.[8]

Based on Plaintiff's definitive deposition testimony that the tire that separated was purchased <u>after</u> the vehicle was purchased from WHAS, Plaintiff has failed to demonstrate that

---

[4]Doc. No. 21.

[5]*Id.*

[6]Doc. No. 20-1

[7]Doc. No. 20-1.

[8]See *City of St. Joseph, Mo. v. Southwestern Bell Telephone*, 439 F.3d 468, 475-76 (8th Cir. 2006) (holding that a party that has been deposed may not, at the summary judgment stage, raise an issue of material fact in dispute, by submitting an affidavit that contradicts earlier testimony).

her injuries were caused by a product sold by WHAS.  Accordingly, WHAS is entitled to summary judgment.

## CONCLUSION

Based on the findings of fact and conclusions of law above, WHAS's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

IT IS SO ORDERED this 23rd day of May, 2014.

/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE